DA 19-0560

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 139N

JAMES MAHER,

      Plaintiff and Appellee,

  v.

JACQUELINE COLOMBE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Jefferson, Cause No. DV-2018-55
Honorable Luke Berger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jacqueline Colombe, Self-Represented, Basin, Montana

      For Appellee:

          Brian J. Miller, Morrison Sherwood Wilson & Deola, PLLP,
Helena, Montana

Submitted on Briefs:  April 22, 2020

Decided:  May 26, 2020

Filed:

_____
                    Clerk

FILED

05/26/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0560

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Jacqueline Colombe, pro se, appeals a Fifth Judicial District Court order granting summary judgment to James Maher on his claims of trespass and possession and dismissing Colombe's counterclaims of breach of contract and fraud.  We affirm.

¶3     In 1994, Colombe and her then-husband, William Rollins, entered into a purchase and sale agreement with Keith Johnson for a 13-acre tract of land in Basin, Montana ("Johnson Contract").  Colombe and Rollins placed a manufactured home on the property.  In February 1995, Colombe, Rollins, and Maher entered into a contract in which Colombe and Rollins agreed to sell Maher 4.3 acres of the 13-acre tract.  In July 1998, Colombe, Rollins, and Maher entered another contract in which Colombe and Rollins agreed to sell Maher an "additional piece of land" beyond the 4.3 acres in the February 1995 contract, consisting of "approximately one half acre."  This contract stated that it "is to be read consistently with the original contract and all terms of the original contract are to be incorporated with this agreement as far as such consistency allows."  The contract further provided that it "is the full and final understanding of the parties and cannot be contradicted or modified unless in writing and signed by the parties."  Colombe

and Rollins subsequently missed several loan and property tax payments on their remaining property, resulting in a 2003 tax deed issued on the property.

¶4     In 2001, Colombe and Rollins divorced.  Colombe was awarded the property, the manufactured home, and the associated financial obligations.  Colombe struggled to make consistent loan and tax payments on the property but never defaulted.  In 2003, Maher and Colombe became romantically involved, cohabitating on Colombe's property.  Maher began paying the taxes and loan payments on Colombe's property.  In January 2005, Maher paid off the remaining $15,465 balance on the Johnson Contract.  On February 14, 2005, Colombe granted her remaining property interest under the Johnson Contract by quitclaim deed to Maher.  Colombe later asserted that at the time of the quitclaim, Maher purportedly told her that he would transfer her share of the 13 acres back to her at some time in the future.  No writing was created to evidence this agreement.

¶5     In 2011, Maher and Colombe ended their relationship.  Colombe requested the property be returned to her but Maher declined to do so.  It is undisputed that Colombe did not pay taxes on the property from 2011 onward, did not pay water and sewer bills, and has not lived in the manufactured home on the property since 2017.

¶6     On June 27, 2018, Maher filed a Complaint in District Court for trespass, eviction, possession, breach of contract, and tortious conduct against Colombe.  In August 2018, Colombe counterclaimed for breach of contract and fraud.  On April 12, 2019, Maher moved for summary judgment on his trespass and possession claims and on Colombe's counterclaims.  On July 10, 2019, the District Court granted summary judgment to Maher

3

on his claims of trespass and possession, finding that Colombe failed to raise any material factual dispute regarding Maher's right to exclusively possess the property. The court also granted summary judgment in favor of Maher as to Colombe's counterclaims, determining that the breach of contract claim was invalid under the statute of frauds, and further, that both the breach of contract and fraud claims were time barred by the statute of limitations. Colombe appeals.

¶7 We review a district court's grant or denial of summary judgment de novo. *Revelation Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 2009 MT 123, ¶ 13, 350 Mont. 184, 206 P.3d 919. Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Plum Creek Mktg. v. Am. Econ. Ins. Co.*, 2009 MT 264, ¶ 21, 352 Mont. 56, 214 P.3d 1238.

¶8 One is subject to liability to another for trespass, regardless of whether he or she causes actual harm or damage to any legally protected interest of the other, if he or she obstructs the other's right to the exclusive possession of that property. *Renz v. Everett-Martin*, 2019 MT 251, ¶ 14, 397 Mont. 398, 450 P.3d 892. Colombe's manufactured home remains on the property. Therefore, whether Colombe committed trespass rests on whether Maher had a legal right to exclusively possess the property. Colombe argues that Maher originally agreed to quitclaim the property in question back to her such that she is legally entitled to possession of the property in question.

¶9 In Montana, contracts involving the sale of real property, the sale of an interest in real property, or a lease of real property for a period longer than one year must be in writing and subscribed by the party sought to be charged in order to satisfy the statute of

4

frauds. Sections 28-2-903(1)(d), 70-20-101, 30-11-111, MCA; *Hinebauch v. McRae*, 2011 MT 270, ¶ 21, 362 Mont. 358, 264 P.3d 1098. Colombe did not produce any writing to indicate Maher agreed to transfer the property back to her after she quitclaimed the remaining property in the Johnson Contract to him in 2005. Thus, Colombe did not provide any evidence demonstrating that she had a legal right to remain on the property. There was no dispute as to any material fact and the District Court did not err in determining Maher was entitled to judgment as a matter of law on his trespass and possession claims.

¶10 Colombe also argues that the District Court erred in granting summary judgment for Maher on her breach of contract and fraud claims. The statute of limitations for claims based upon an oral agreement is limited to five years. Section 27-2-202(2), MCA. A breach of contract action accrues at the time of breach, no matter when a party suffers damages. *Textana, Inc. v. Klabzuba Oil & Gas*, 2009 MT 401, ¶ 35, 353 Mont. 442, 222 P.3d 580. The statute of limitations for a claim of fraud is two years. Section 27-2-203, MCA. Generally, an action for fraud accrues once it occurs, unless the facts forming the basis for the allegation are concealed, in which case the claim accrues once the aggrieved party discovers facts constituting the fraud. *Christian v. Atl. Richfield Co.*, 2015 MT 255, ¶ 61, 380 Mont. 495, 358 P.3d 131.

¶11 Colombe admits that she knew no later than February 2011 that Maher would not transfer the Johnson Contract property back to her. Accordingly, Colombe was required to file her claim for oral breach of contract by February 2016. Colombe did not file a counterclaim until 2018. Her claim for breach of contract was barred by the statute of

5

limitations. Colombe also alleged that Maher committed fraud in February 2005, when Maher purportedly told her that he would later transfer the property back to her. In 2011, when Maher refused to transfer the property, she was on notice that he allegedly committed fraud. Colombe had until 2013 to file this claim. Because she did not counterclaim until 2018, Colombe's fraud claim was also time barred. The District Court did not err in granting summary judgment to Maher on Colombe's breach of contract and fraud claims.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶13 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JIM RICE
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ INGRID GUSTAFSON